**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIANZHENG PHOEBE XU, | ) Case No. CV 25-3383 FMO (AYPx) |
| Plaintiff, | ) |
| v. | ) **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| JOHN DOE, et al., | ) |
| Defendants. | ) |

Plaintiff filed her Complaint on April 16, 2025, against several Doe defendants. (See Dkt. 1, Complaint). By Order dated May 8, 2025, plaintiff was ordered to identify the Doe defendants no later than July 7, 2025. (See Dkt. 9, Court's Order of May 8, 2025). The court then granted plaintiff substantial time to serve a third-party subpoena in an effort to identify the Doe defendants. (See Dkt. 19, Court's Order of July 21, 2025). On November 17, 2025, the court denied plaintiff's motion to compel a response to the third-party subpoena, and in doing so, granted plaintiff one final opportunity to identify the Doe defendants before dismissing the case.[1] (Dkt. 33, Court's Order of November 17, 2025, at 2). Plaintiff was given until December 1, 2025, to file a second amended complaint that identifies the Doe defendants. (Id.).

---

[1] As the court noted in its Order, Coinbase, Inc. responded to plaintiff's subpoena and indicated that no responsive information was available. (Dkt. 33, Court's Order of November 17, 2025, at 1).

On November 30, 2025, plaintiff filed her Second Amended Complaint ("SAC"), naming Tai Zhang as a defendant and alleging that he "operated the fraudulent investment scheme described in [the] Complaint." (Dkt. 36, SAC at 9). The court subsequently ordered plaintiff to file a proof of service for defendant by January 5, 2026. (Dkt. 37, Court's Order of December 23, 2025). At plaintiff's request, the court later extended that deadline to January 26, 2025. (Dkt. 43, Court's Order of January 13, 2026). Plaintiff filed a declaration on January 21, 2026, stating that "service . . . remains actively in progress with a professional process server. . . . Any remaining delay is attributable to the Defendant's availability and the professional service process, not to any lack of diligence by [plaintiff]." (Dkt. 44, Declaration of Jianzheng Xu ("Xu Decl.") at ¶ 12). However, this does not constitute compliance with the Court's Order of January 13, 2026, which clearly ordered plaintiff to file a proof of service, (see Dkt. 43, Court's Order of January 13, 2026), and is insufficient to establish that plaintiff has been diligent over the last ten months in attempting to effect service in this matter. In any event, the court admonished plaintiff that "[h]aving had nearly nine months to identify and serve the Doe defendants, no further extensions will be granted. If plaintiff fails to file a proof of service by the deadline set forth above, the action will be dismissed without prejudice for failure to effect service, for lack of prosecution, and/or failure to comply with the orders of the court." (Id.). As of the filing date of this Order, plaintiff has not filed a proof of service for defendant Tai Zhang. (See, generally, Dkt.)

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]" In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 1388-89 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors include: (1) the public's interest

in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).[2]

Both the public's interest in the expeditious resolution of cases and the court's need to manage its docket weigh in favor of dismissal. The Ninth Circuit has explained that "[t]he public's interest in the expeditious resolution of litigation always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (internal quotation marks omitted); see In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) ("Orderly and expeditious resolution of disputes is of great importance to the rule of law."). Moreover, "[d]istrict courts have an inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson, 782 F.2d at 831; see Link, 370 U.S. at 629-30, 82 S.Ct at 1388. Here, plaintiff has not shown sufficient diligence. Plaintiff has had nearly ten months to identify and properly serve the only named defendant in this case. By failing to do so, plaintiff has brought this case to a standstill and has hindered the court's ability to move this case toward disposition and allowed plaintiff, rather than the court, to control the pace of the docket. In re Phenylpropanolamine, 460 F.3d at 1234 ("[D]ismissal serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket.").

As for the third factor, while there is no evidence that plaintiff's inaction has resulted in any actual prejudice to defendant so far, "[t]he law . . . presumes prejudice from unreasonable delay."[3] In re Phenylpropanolamine, 460 F.3d at 1227; see Pagtalunan, 291 F.3d at 643 ("Unnecessary

---

[2] The Ninth Circuit "may affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) (internal quotation marks omitted).

[3] The fourth factor, as always, weighs against dismissal.

delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.").

The fifth factor requires the court to consider whether a less drastic sanction is available. The court has previously admonished plaintiff of the consequences of her failure both to identify the Doe defendants, (see Dkt. 33, Court's Order of November 17, 2025, at 2), and to serve the only named defendant.  (Dkt. 37, Court's Order of December 23, 2025); (Dkt. 43, Court's Order of January 13, 2026).  The court has also afforded plaintiff considerable latitude in light of her pro se status and has granted plaintiff multiple extensions of time.[4]  (See Dkt. 33, Court's Order of November 17, 2025, at 2) ("The court will allow plaintiff one final opportunity to identify the Doe defendants before dismissing the case."); (Dkt. 43, Court's Order of January 13, 2026) (granting plaintiff an extension of time to file proof of service); see also In re Phenylpropanolamine, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.").    Under these circumstances, dismissal is appropriate.

Pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the court's inherent power to achieve the orderly and expeditious disposition of cases, see Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and the factors outlined in Henderson, 779 F.2d at 1423, the court finds that plaintiff's failure to timely effect service and comply with the court's previous orders warrants dismissal of this action without prejudice.

Based on the foregoing, IT IS ORDERED THAT judgment be entered dismissing this action, without prejudice, for failure to prosecute, failure to effect service, and failure to comply with the orders of the court.

Dated this 12th day of February, 2026.

/s/
Fernando M. Olguin
United States District Judge

---

[4]  The court also advised plaintiff of the Central District's Pro Se Clinic on several occasions. (See, e.g., Dkt. 9, Court's Order of May 8, 2025, at 2); (Dkt. 19, Court's Order of July 21, 2025, at 2).